IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NANA YAW AMO, #126440, )
)
    Plaintiff, )
)
vs. ) Case No. 18−cv−01759−JPG
)
PULASKI COUNTY DETENTION )
CENTER, )
)
    Defendant. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Nana Yaw Amo, a federal detainee who is currently awaiting deportation at Kenosha County Detention Center in Kenosha, Wisconsin, filed this *pro se* civil action for injuries he sustained when he slipped and fell on a wet floor at Pulaski County Detention Center in Ullin, Illinois. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") and money damages.[1]

Because Plaintiff is being held on an order of deportation and not criminal charges, he does not meet the statutory definition of "prisoner"[2] for purposes of the Prison Litigation Reform Act ("PLRA") or the IFP statute. *See* 28 U.S.C. § 1915(h); *Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002) (I.N.S. detainee is not a "prisoner" under PLRA); *LaFontant v. I.N.S.*, 135 F.3d 158, 165 (D.C. Cir. 1998) (same); *Oyo v. I.N.S.*, 106 F.3d 680, 682-83 (5th Cir. 1997) (same); *Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (civilly committed person not a "prisoner" under PLRA).

---

[1] After filing the instant suit, he also filed an action based on the same underlying events against Immigrations and Customs Enforcement. *See Amo v. Immigration and Customs Enforcement*, No. 18-cv-06845 (N.D. Ill., dismissed for failure to state a claim on Oct. 26, 2018).
[2] Section 1915(h) defines "prisoner" as any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

1

A federal district court may nevertheless allow a civil case to proceed without prepayment of fees, if: (1) the litigant is unable to pay the costs of commencing the action under § 1915(a)(1); and (2) the action is not frivolous, malicious, meritless, or a claim for money damages against an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's IFP application demonstrates that he is indigent and thus satisfies the first of these two requirements. (Doc. 2). Before granting his request for IFP status, however, the district court must also consider the merits of his claims and deny leave to proceed IFP if they are frivolous, malicious, or otherwise fail to state a claim for relief. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or meritless is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Plaintiff cannot satisfy this second requirement, his IFP application shall be denied and this case dismissed.

**<u>Complaint</u>**

According to the Complaint (Doc. 1) and exhibits (Doc. 4), Plaintiff slipped and fell on a wet landing at Pulaski County Detention Center on February 4, 2018. (Doc. 1, pp. 2-4, 7). No sign was posted to warn inmates of hazardous conditions. *Id*. A sergeant who observed the fall asked Plaintiff if he needed emergency treatment, and Plaintiff said that he was "fine." *Id*. He soon felt sharp pain in his left ring finger, right leg, and right shoulder and was taken to see a nurse. *Id*. When Plaintiff showed the nurse his swollen left ring finger, she gave him pain relievers but denied his request for a back brace until a doctor evaluated him. *Id*. Plaintiff met with a doctor several days later and requested an x-ray of his finger, but the doctor would not order x-rays until

Plaintiff complained to Immigration and Customs Enforcement. *Id*. X-rays taken on February 16, 2018 showed swelling and "mild apex angulation" suggestive of a "ligamentous injury" to his left ring finger. (*Id*.; Doc. 4, pp. 2-3). X-rays taken of his shoulder after transferring from the detention center on March 11, 2018 revealed mild degenerative joint disease. *Id*.

## Claims

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** **Pulaski County Detention Center subjected Plaintiff to unsafe floor conditions that resulted in injuries on February 4, 2018.**
>
> **Count 2:** **Pulaski County Detention Center delayed or denied adequate treatment for Plaintiff's injuries on/after February 4, 2018.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.

## Discussion

Plaintiff's Complaint fails to state a claim for relief. He brings this suit pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* allows a plaintiff to bring a civil action against individuals who act under color of federal law to violate a plaintiff's constitutional rights. *Id*. A *Bivens* action is similar to an action brought pursuant to 42 U.S.C. § 1983, which provides a specific damages remedy for plaintiffs whose constitutional rights are violated by state officials.

In this particular case, it is unclear whether *Bivens* or § 1983 governs Plaintiff's claims. Plaintiff is a federal detainee who was held at a local detention center, presumably pursuant to a

contractual agreement between the federal government and local facility. If the contract transformed the local detention center into a federal instrumentality and its personnel into federal officers, then they would be subject to suit for constitutional violations under *Bivens*. If not, then § 1983 would control Plaintiff's claims. *See, e.g., Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (collecting cases).

Relief under both *Bivens* and § 1983 hinges on individual liability, and Plaintiff has named no individuals as defendants in this action. *Bivens*, 403 U.S. at 396. The only defendant he has named is the Pulaski County Detention Center. (Doc. 1, p. 1). Neither *Bivens* nor § 1983 provides a cause of action for money damages against an entity based on the misconduct of its staff. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). The doctrine of *respondeat superior* is inapplicable in both contexts. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Given that Plaintiff relies exclusively on the doctrine, his claims against Pulaski County Detention Center fail and shall be dismissed with prejudice.

However, the problems with the Complaint go far beyond this, and they cannot be cured with a simple amendment to the Complaint. Slip-and-fall claims generally arise under state negligence law and support no claim for a constitutional violation. *See, e.g., Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. Appx. 438, 439 (5th Cir. 2008) (upholding dismissal of slip-and-fall complaint as frivolous and for failure to state a claim); *Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004) (wet floors pose no substantial risk of serious harm); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (ruling that plaintiff failed to show that standing water problem known to prison officials posed substantial risk of serious harm); *White v. Tyszkiewicz*, 27 Fed. Appx. 314, 315 (6th Cir. 1994) (affirming dismissal of prisoner's civil rights case arising from slip and fall on ice); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do

4

not even state an arguable claim for cruel and unusual punishment"). Further, Plaintiff has named no individual who was responsible for the wet conditions, which were localized and temporary.

Although the denial of medical care can support a constitutional claim under the Fifth, Eighth, and/or Fourteenth Amendments (depending on the context in which the claim is brought), a constitutional claim does not arise from negligence. *See Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provides a basis for liability under § 1983). In his Complaint, Plaintiff describes injuries to his left ring finger and right shoulder; he briefly mentions his right leg. (Doc. 1, pp. 2, 7). However, testing revealed no fracture and no dislocation. His left ring finger was strained, and his shoulder showed mild degenerative changes. (Doc. 4, pp. 2-3). His pain was immediately treated. (Doc. 1, pp. 2, 7).

Although Plaintiff names no individual staff members in connection with his claims, it would have made no difference. Plaintiff describes the response of each staff member in the Complaint. *Id*. He refers to a sergeant who immediately offered him emergency medical treatment (Plaintiff declined), a nurse who immediately provided him with pain relievers and recommended further evaluation with a doctor (Plaintiff accepted), and a doctor who ordered x-rays that showed no significant injuries caused by his fall. *Id*. The allegations do not suggest that any of these individuals, even if named as defendants, were responsible for a violation of Plaintiff's constitutional rights. What he describes is, at most, negligence.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, covers the misconduct of federal officials that would be considered tortious under state law, and this includes negligence. However, Plaintiff asserts no FTCA claim and fails to name the proper defendant. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (only proper defendant in an FTCA action is the United States). Under the circumstances, the Court cannot construe the Complaint to include

5

an FTCA claim or convert the action to one brought pursuant to the FTCA. *See, e.g., Myles v. United States*, 416 F.3d 551 (7th Cir. 2005) (complaint asserting FTCA claim and dismissed as untimely could not be transformed into a *Bivens* claim against individual federal employees who were not specified in the case caption). It is not clear that Plaintiff ever intended to bring an FTCA claim against the United States. Before doing so, he must comply with the procedures set forth under the FTCA statutes and regulations, including the strict limitations period for bringing a claim in federal court. 28 U.S.C. §§ 1346(b), 2671-80; 28 C.F.R. §§14.1-14.11.

The Complaint fails to state a claim upon which relief may be granted against Pulaski County Detention Center. Pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's IFP application must be denied and the Complaint dismissed. The dismissal is with prejudice. However, this Order does not preclude Plaintiff from filing a separate suit in state or federal court, including an FTCA claim against the United States, if he wishes to pursue relief for the personal injuries he sustained on February 4, 2018.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 8) is **DENIED** as **MOOT**. In addition, Plaintiff failed to disclose any efforts to locate counsel on his own, and he demonstrated his ability to litigate this matter *pro se* by preparing coherent pleadings, communicating effectively, and meeting court deadlines.

### Disposition

**IT IS ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED** and the Complaint, including **COUNTS 1** and **2**, is **DISMISSED** with prejudice for failure to state a claim against Pulaski County Detention Center. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 11/19/2018**

s/J. Phil Gilbert
**U.S. District Judge**
